## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STATE OF GEORGIA,

          Plaintiff,

v.

ERIC HEINZE,

          Defendant.

CIVIL ACTION NUMBER:

1:21-cv-04457-TCB

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM UNDER 28 U.S.C. § 2241 AND 28 U.S.C. § 1455

In his petition for writ of habeas corpus, Defendant Eric Heinze requests that the Court issue a writ transferring him from state "custody" into federal custody. (Doc. 5.) As grounds, Heinze states that he is in custody within the meaning of 28 U.S.C. § 2241 for an act performed under color of federal law. (*Id.* at 3–4.) Because there is a dispute between the parties concerning whether Heinze's actions on the date in question were performed pursuant to federal authority and in accordance with the Fourth Amendment, *see* Doc. 8[1] (setting forth the grounds for Plaintiff's motion to remand and for an evidentiary hearing), his petition for a writ of habeas corpus under 28 U.S.C. § 2241 is premature. Moreover, Heinze does not

---

[1] Throughout this response, Plaintiff refers to its pending motion for remand, filed at Doc. 8. Plaintiff incorporates the relevant facts, arguments, and analysis stated therein by reference. For the Court's convenience, Plaintiff largely refers to its pending motion to remand using pin citations.

meet the requirements for an immediate writ under 28 U.S.C. § 1455, as he is not in "actual custody." For these reasons, the Court should defer ruling on Heinze's petition for writ of habeas corpus until it resolves the issues underlying the pending motion for remand or, alternatively, following the evidentiary hearing mandated by 28 U.S.C. § 1455(b)(5).

## I.    FACTS

On October 26, 2021, a Fulton County grand jury returned an indictment against Heinze for felony murder and related crimes in connection with the shooting death of Jamarion Robinson. (Doc. 1-1.)   Thereafter, Heinze filed a notice of removal in this Court on October 28, 2021, pursuant to 28 U.S.C. §§ 1442 and 1455, which provide for the removal of criminal prosecutions from state court where they are brought against:

> any officer . . . of the United States . . ., in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title, or authority claimed under Act of Congress for the apprehension or punishment of criminals.

On November 29, 2021, the State of Georgia timely moved to remand this action on the grounds that Heinze could not meet the requirements for federal officer removal—specifically: (1) that he was not acting in his capacity as a federal officer on the date of the shooting; (2) that his actions were not authorized under federal law and he was therefore not acting under color of federal office, and (3) that he violated

2

the Fourth Amendment by entering the curtilage of a third-party residence and breaching the door of an apartment belonging to a third-party merely to execute a state arrest warrant, in the absence of consent, a search warrant, or any exigent circumstances. (Doc 8.) The State presented evidence on each of these points and is prepared to present further evidence at an evidentiary hearing contemplated by 28 U.S.C. § 1455(b)(5). (See *id.* and its accompanying exhibits.)

The same day that the State moved to remand, Heinze filed a petition for writ of habeas corpus on the grounds that: (1) he is in state custody for acts committed while "he was executing valid arrest warrants in his capacity as a federal officer" in violation of the Supremacy Clause; and (2) the conditions of his release on bond are interfering with the performance of his duties as a federal officer. (Doc. 5.) Of note, Heinze requests immediate removal from state custody into federal custody "to relieve him of the burdens of state custody"—including interference with his ability to travel in performance of his job. (*Id.* at 3–4, 10–15.)

Heinze's request, however, is premature. To issue a writ under the 28 U.S.C. § 2241, the Court must first determine whether  Heinze "is in custody for an act done or omitted in pursuance of Act of Congress, or an order, process, judgment, or decree of a court or judge of the United States"—an issue that has been extensively disputed in Plaintiff's pending motion to remand (Doc. 8). *See* 28 U.S.C. § 2241(c)(2); *see also* 28 U.S.C. § 2241(c) (providing limited circumstances under which a writ of

3

habeas corpus may extend). Notably, Heinze's actions on the date in question were performed pursuant to a *state* arrest warrant issued by a *state* court judge for the violation of *state* crimes. Moreover, Heinze has not yet pointed to any statute that authorizes federal officers or a federal task force to execute state arrest warrants. (Doc. 8, p. 18–19.) Nor has Heinze presented any evidence that he comported with Georgia state law governing the procedure for appointing state arrest powers to individual federal officers. (*Id.* at 19–20.)

In addition, to issue a writ of habeas corpus under 28 U.S.C. § 1455, Heinze must be in actual custody. *See* 28 U.S.C. §144(c). As set forth in Heinze's petition, he has been released from physical custody and is out on bond. (Doc. 5, p. 3.) Accordingly, Heinze does not meet the requirements for issuance of a writ of habeas corpus under 28 U.S.C. § 1455(c).

## II.   LEGAL STANDARDS

As stated by the U.S. Supreme Court,

> [i]t is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in state court, and subject to its laws, may by the decision of a single judge of the Federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state.

*United States ex rel. Drury v. Lewis*, 200 U.S. 1, 7 (1906). Exceptional facts must be presented to justify such interference. *Id.*

4

Pursuant to 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions." As relevant here, a writ of habeas corpus is warranted where a prisoner "is in custody for an act done under or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." 28 U.S.C. § 2241(c)(2).

In a criminal case removed to federal court,

> "[i]f the defendant or defendants are in ***actual custody*** on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into the marshal's custody and deliver a copy of the writ to the clerk of such State court."

28 U.S.C. § 1455(c) (emphasis added).

## III.   ARGUMENT

### A.   The Court cannot issue a writ of habeas corpus under 28 U.S.C. § 2241 until it determines that Heinze's actions were performed pursuant to federal authority.

To issue a writ of habeas corpus under 28 U.S.C. § 2241, the Court must first determine whether Heinze's state prosecution is for an act performed under federal authority. The statute provides that, for a writ of habeas corpus to extend, the subject must be "in custody for act an done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."

28 U.S.C. § 2241(c)(2). In other words, a writ of habeas corpus may issue "where the offense charged against the [defendant] consists in act done in pursuance of a law of the United States, and by virtue of its authority." *Cunningham v. Neagle*, 135 U.S. 1, 70 (1890).

Because such a determination is the subject of the State's pending motion for remand and, alternatively, for an evidentiary hearing on the propriety of removal (*see* Doc. 8), Heinze's request for a writ of habeas corpus is currently premature. Importantly, where there is a dispute as to whether the acts that form the basis of state charges against a federal officer were performed under federal authority, a writ of habeas corpus may not issue. *E.g.*, *Drury*, 200 U.S. at 8 (affirming the lower court's denial of a writ of habeas corpus where there was a conflict of evidence as to whether the decedent had surrendered at the time he was fatally shot by a military officer).

Contrary to Heinze's statements in his petition, there *is* a dispute as to whether the circumstances underlying the indictment—namely, Heinze's conduct in purporting to serve state arrest warrants—were performed pursuant to federal authority and in his capacity as a federal officer. (*Compare* Doc. 1 *and* Doc. 5, *with* Doc. 8.) There is also a dispute as to whether he or the Southeast Regional Fugitive Task Force ("SERFTF") were even authorized to execute state arrest warrants. (*Compare* Doc. 1, p. 2 *and* Doc. 5, p 2 & n.1, *with* Doc. 8, pp. 18–20.) The text of

the Presidential Threat Protection Act of 2000 does not provide such authority on its face. *See* 34 U.S.C. § 41503 (specifically deferring to the authority of states to determine to the appropriate mechanism of locating and apprehending its own fugitives); (*see also* Doc. 8, pp. 18–19). Nor do the circumstances under which Heinze and the SERFTF purported to execute the state arrest warrants against Mr. Robinson comport with the requirements under Georgia law for non-state officers to exercise state arrest powers. (*See* Doc. 8, pp. 19–20.)

Finally, there is a dispute as to whether Heinze's actions violated the Fourth Amendment. (Doc. 8, pp. 13–16.) In his petition, Heinze relies on *New York v. Tanella*, 374 F.3d 141 (2d Cir. 2004) and *New York v. Tanella*, 281 F. Supp. 606 (E.D.N.Y. 2003) for the proposition that "a federal officer's actions will be deemed 'necessary and proper' under the Supremacy Clause"—and thus, immune from prosecution under state law—"if [he believes] that his actions were objectively reasonable." (Doc. 5, p. 3.) Here, the residence at which the Heinze attempted to execute the arrest warrants for Mr. Robinson did not belong to Mr. Robinson and, as such, Heinze was not authorized to enter without a search warrant, exigent circumstance, or consent. *Steagald v. United States*, 451 U.S. 204, 205–06, 213–14 (1981). He did not have any of these. (*See* Doc. 1, p. 2, 3 12.) By entering the curtilage of the residence and breaching the door of the residence without a search warrant, exigent circumstances, or consent, Heinze clearly violated the Fourth

Amendment. Such a violation cannot be found to be objectively reasonable and cannot support an application for a writ of habeas corpus. *See Drury*, 200 U.S. at 8 (upholding the lower court's denial of a writ of habeas corpus and finding that, if the decedent had surrendered before he was fatally shot by the military officer, "it could not reasonably be claimed that the fatal shot was fired in the performance of a duty imposed by the Federal law").

At bottom, Heinze's petition for writ of habeas corpus under 28 U.S.C. § 2241 is not yet ripe. The Court must first resolve the issues set forth in the pending motion for remand and, if necessary, conduct a hearing on the propriety of removal under 28 U.S.C. §§ 1442 and 1455. Indeed, where the Court does not summarily remand a state court prosecution removed under 28 U.S.C. § 1455, it is **required** to conduct an evidentiary hearing. 28 U.S.C. § 1455(b)(5).

**B.      Without more, the nature of Heinze's employment does not provide a basis for the issuance of a writ of habeas corpus**

Heinze's remaining grounds for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2441 do not hold water. In his petition, Heinze quotes *Clifton v. Cox*, 549 F.2d 722, 729 (9th Cir. 1977), for the proposition that issuance of a writ of habeas corpus is "sufficiently urgent" because: (1) he has been charged for acts committed in performance of his official duties; and (2) the state process will interfere with his ability to perform his duties as U.S. Marshal in Washington.

(Doc. 5, p. 8.)  However, there is no support for the proposition that a writ of habeas corpus should issue merely because Heinze's bond conditions *could* potentially interfere with his ability to travel for work.

The case on which Heinze relies for this proposition—*Clifton*, 549 F.2d 722—is easily distinguishable. First, the arrest warrant that the federal officer was executing in *Clifton* was a federal arrest warrant. 549 F.2d at 724. Second, the subject of the federal arrest warrant was a record owner of the property at which the officers attempted to execute the federal arrest warrant. *Id.* Finally, the "urgency" supporting the issuance of a writ of habeas corpus was premised on a finding that the conduct for which the federal officer was detained fell within the scope of his official duties. *See Clifton*, 549 F.2d at 729; *see also id.* at 728 (finding that the officer was "a duly appointed and acting federal narcotics officer" and "was empowered to carry firearms and to execute federal law"). In so finding, the *Clifton* court stated that "the exercise of authority in and of itself" does **not** "place a federal officer beyond the reach of a state's criminal process." *Id.* at 728. Rather, the key inquiry is whether the officer's conduct was necessary and proper under the circumstances. *Id.* Here, it was not.

In contrast to Clifton, Heinze violated the Fourth Amendment while executing a *state* arrest warrant at a *third party's home*. He did not have consent, a search warrant, or exigent circumstances to enter the home or its curtilage. It is also doubtful

9

that, as a federal officer, he was even authorized to execute a state arrest warrant under the circumstances. (Doc. 8 pp. 18–20.) Consequently, Heinze's actions did not fall within the scope of his official duties on the date in question and, as such, the urgency supporting the issuance of a writ of habeas corpus that was present in *Clifton* is not present here.

### C.   The Court cannot issue a writ of habeas corpus under 28 U.S.C. § 1455 because Heinze is not in "actual custody"

The Court is authorized to issue writs of habeas corpus pursuant to 28 U.S.C. § 1455(c) where a defendant removing his or her criminal prosecution from state court is "in actual custody on process issued by the State court." The term "actual custody," as used in 28 U.S.C. § 1455(c),[2] contemplates actual confinement. *See, e.g.*, *City of Greenwood v. Peacock*, 384 U.S. 808, 846–47 (1966) (Douglas, J., dissenting) (interpreting the statute, formerly codified at 28 U.S.C. § 1445(f), to mean that "if the defendant is *confined*, the removal judge must, without awaiting a hearing, issue a writ to transfer the prisoner to federal custody, . . . and he may then enlarge him on bail" (emphasis added)); *Glagola v. Glagola*, No. 03 C 4624, 2003 WL 21878730, at *4 (N.D. Ill. Aug. 8, 2003) (finding that the petitioner was not in

---

[2] As Heinze correctly notes, 28 U.S.C. § 1455(c) is a relatively new statute. Its provisions, however, were previously subsumed in 28 U.S.C. 1446(f)—which used identical language. (*See* Ex. A (demonstrating changes made to 28 U.S.C. § 1446 when 28 U.S.C. § 1455 was enacted a separate statute in 2011).)

actual custody and stating that the statue "applies to removed criminal cases where the accused is *held in custody* pending trial and permits the transfer of the accused from state custody to federal custody" (emphasis added)); *see also, e.g.*, *South Carolina v. Davidman*, 250 F. Supp. 989, 995 (D.S.C. 1966) (issuing a writ of habeas corpus under the statute based on information that the petitioners were being held in county jail).

While Heinze is correct that the term "in custody," as used in *28 U.S.C. § 2241*, encompasses both "actual, physical custody" and constructive custody, *see Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 1998) (finding that the phrase "in custody" as used in § 2241 includes petitioners who are free on bail), the text of *§1455* is distinct and requires that the petitioner be in "actual custody," 28 U.S.C. § 1455(c). All the authorities that Heinze cites in his petition in support of an expansive reading of the term "in custody" interpret that term as it is used in § 2241, not § 1455. (*See* Doc. 5, pp. 4–5 (collecting cases).) The Eleventh Circuit also distinguishes the phrase "in custody"—which encompasses release on bail—from "**actual**, physical custody," which does not. *See Howard*, 776 F.3d 775 (emphasis added). Finally, as interpreted by other federal courts, a writ granted under 28 U.S.C. § 1455(c)—previously 28 U.S.C. § 1446(f)—is merely ancillary to the removal of state criminal prosecutions and is not an ordinary writ of habeas corpus. *Davidman*, 250 F. Supp. at 995.

Because Heinze is not in "actual custody" but, rather is out on bond he does not meet the requirements of 28 U.S.C. § 1455. Therefore, the Court cannot issue a writ of habeas corpus pursuant to that statute. Indeed, in his petition, Heinze goes to great lengths to argue that he is in "constructive custody." (Doc. 5, p. 4, 6–7, 12, 13, 15.)  Constructive custody, by definition, is distinguishable from actual custody, and cannot satisfy 28 U.S.C. § 1455(c).

## IV.   CONCLUSION

Based on the foregoing, the State respectfully requests that the Court defer its ruling on Defendant Heinze's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 until such time as it: (1)  resolves the pending motion to remand; or (2) conducts the mandatory evidentiary hearing on the propriety of removal required by 28 U.S.C. § 1455(b)(5). The Court should otherwise deny Heinze's petition for writ of habeas corpus to the extent he seeks a writ under 28 U.S.C. § 1455.

Dated: December 13, 2021

Respectfully submitted,

/s/ Lyndsey Rudder

Lyndsey Rudder
Georgia Bar No. 421055
Deputy District Attorney
Office of the Fulton County District
Attorney
136 Pryor Street, SW, Third Floor
Atlanta, Georgia 30303
Phone: 770.313.8265
lyndsey.rudder@fultoncountyga.gov

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1</u>

I hereby certify that the foregoing document has been prepared using 14-point

Times New Roman in accordance with Local Rule 5.1.


/s/ Lyndsey Rudder

Lyndsey Rudder

*Deputy District Attorney*
Office of the Fulton County
District Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2021, the foregoing document was served upon all parties having appeared in this action by and through filing with the Court's CM/ECF system.

/s/ Lyndsey Rudder
Lyndsey Rudder

*Deputy District Attorney*
Office of the Fulton County
District Attorney

4855-2127-0534.1