Showing differences between versions effective November 9, 2011 to [See Notes] and [See Notes]

**Key:** ~~deleted text~~   added text

47 deletions · 56 additions

28 U.S.C.A. § 1446

§ 1446. Procedure for removal of civil actions

(a) **Generally.** ~~-~~ -- A defendant or defendants desiring to remove any civil action ~~or criminal prosecution~~ from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) **Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within ~~thirty~~ 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within ~~thirty~~ 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.**

**(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.**

**(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.**

~~If~~ **(3)** **Except as provided in subsection (c), if** the case stated by the initial pleading is not removable, a notice of removal may be filed within ~~thirty~~ 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable~~, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action~~ .

(c) **Requirements; removal based on diversity of citizenship.-- (1)** A ~~notice of removal of a criminal prosecution shall be filed not later than thirty days after~~ **case may not be removed under subsection (b)(3) on** the ~~arraignment in the State court, or~~ **basis of jurisdiction conferred by section 1332** ~~at any time before trial, whichever is earlier, except that for good cause shown~~ **more than 1 year after commencement of the action, unless** the ~~United States~~ district court ~~may enter an order granting the defendant or defendants leave~~ **finds that the plaintiff has acted in bad faith in order** to ~~file the notice at a later time~~ **prevent a defendant from removing the action** .

**(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--**

   **(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--**

(i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(2 **B**) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds which exist at the time of the filing **action is proper on the basis** of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time **an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance** of the original notice. For good cause shown **evidence**, **that** the United States district court may grant relief from the limitations of this paragraph **amount in controversy exceeds the amount specified in section 1332(a)**.

(3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

(4 **3**) (A) The United States district court in which such notice is filed shall examine **If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed** the notice promptly. If it clearly appears on the face **amount specified in section 1332(a), information relating to the amount in controversy in the record** of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make **State proceeding, or in responses to discovery, shall be treated as** an order for summary remand **"other paper" under subsection (b)(3)**.

(5 **B**) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and **notice of removal is filed more than 1 year** after such hearing shall make such disposition **commencement** of the prosecution as justice shall require. If **action and** the United States district court determines **finds** that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further **the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)**.

(d) **Notice to adverse parties and State court.** -- Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

(e) If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court.

(f **e**) **Counterclaim in 337 proceeding.** -- With respect to any counterclaim removed to a district court pursuant to section 337(c) of the Tariff Act of 1930, the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required in such cases and the counterclaim shall relate back to the date of the original complaint in the proceeding before the International Trade Commission under section 337 of that Act.

**[(f)Redesignated (e)]**

(g) Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsections **subsection** (b) **of this section** and (e) **paragraph (1) of section 1455(b)** is satisfied if the person or entity

desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.

**Credits**

(June 25, 1948, c. 646, 62 Stat. 939; May 24, 1949, c. 139, § 83, 63 Stat. 101; Sept. 29, 1965 **Pub.L. 89-215, Sept. 29**, Pub.L. 89-215, 79 Stat. 887; July 30, 1977, Pub.L. 95-78, § 3, 91 Stat. 321; Nov. 19 **1965, 79 Stat. 887; Pub.L. 95-78**, 1988 **§ 3**, **July 30, 1977, 91 Stat. 321;** Pub.L. 100-702, Title X, § 1016(b), **Nov. 19, 1988,** 102 Stat. 4669; Dec. 9, 1991 **Pub.L. 102-198, § 10(a)**, Pub.L. 102-198, § 10(a), 105 Stat. 1626; Dec. 8, 1994 **9, 1991**, **105 Stat. 1626;** Pub.L. 103-465, Title III, § 321(b)(2), **Dec. 8, 1994,** 108 Stat. 4946; Oct. 19, 1996 **Pub.L. 104-317, Title VI, § 603, Oct. 19**, Pub.L. 104-317, Title VI, § 603 **1996**, 110 Stat. 3857; Pub.L. 112-51, § 2(c), Nov. 9, 2011, 125 Stat. 545 **; Pub.L. 112-63, Title I, §§ 103(b), 104, Dec. 7, 2011, 125 Stat. 760, 762**.)

28 U.S.C.A. § 1446, 28 USCA § 1446

**End of Document**    © 2021 Thomson Reuters. No claim to original U.S. Government Works.